[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER
On February 3, 2003, an evidentiary hearing was held on the plaintiff's Motion to Modify. Judgment was entered on October 17, 2001, and the plaintiff was ordered to pay $700.00 a week in alimony to the defendant.
At the time of the judgment, the plaintiff was President of Thompson Candy. His gross weekly wage was $2,216.00 and his net weekly wage was $1,308.00. The defendant was a part-time secretary with a gross weekly wage of $170.00 and a net weekly wage of $73.00.
The parties were married in 1968. In the fall of 2002, the plaintiff was fired from his job. His severance checks ended on or before December 31, 2002. He also received unemployment compensation for the month of December 2002.
On January 19, 2003, the plaintiff began working as a salesman for Debas Chocolate in California. His current gross weekly wage is $1,096.00 and net weekly wage is $929.00. The court is aware the state tax is unknown as of February 3, 2003. The defendant's financial affidavit dated February 3, 2003, indicates a gross weekly wage of $180.00 and a net weekly wage of $164.23.
The plaintiff recently purchased a 2003 Chevy Impala for approximately $20,000.00. These funds were from an inheritance. The plaintiff currently has $11,500.00 in a Bank of America checking account.
The plaintiff requests the court to lower his weekly alimony as he claims there has been a showing of a substantial change in his financial circumstances. The defendant objects and argues the alimony payment should not be modified.
Connecticut General Statutes § 46b-86 states, "an order of alimony may be modified by the court upon a showing of a substantial change in circumstance of either party . . ." CT Page 1948
The court finds that there has been a substantial change in the plaintiff's circumstances based on his net weekly wage at judgment ($1,308.00) and currently ($929.00). Therefore, the plaintiff's weekly alimony is modified to $450.00 retroactive to January 21, 2003.
The court finds an arrears due to the defendant for alimony as of February 3, 2003 to be $3,000.00. The plaintiff paid $900.00 in January 2003, therefore the balance due the defendant is $2,100.00. This amount shall be paid to the defendant in a lump sum on or before February 21, 2003.
BY THE COURT
Brian T. Fischer, Judge CT Page 1949